**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Connected Benefits, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 36-4842162 |

4.  **Debtor's address**

**Principal place of business**

**222 West Merchandise Mart Plaza, Suite 1750**
Number        Street

**Chicago**         **IL**    **60654**
City             State   Zip Code

**Cook County**
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City             State   Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City             State   Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.gohealth.com** |

6.  **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Connected Benefits, LLC**                                          Case number *(if known)*
           Name

---

**7.** **Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**6411 – Insurance Agents, Brokers, and Service**

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|
| District | | When | MM/DD/YYYY | Case number | |

---

Debtor    **Connected Benefits, LLC**                          Case number *(if known)*
_____Name_____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor    **See Rider 1**                Relationship    **Affiliate**

District    **District of Delaware**           When    **06/07/2026**
                                                      MM / DD / YYYY
Case number, if known _____

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                        Number        Street

_____
City                            State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

Contact name    _____

Phone    _____

---

| | **Statistical and administrative information** |
|---|---|

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49                ☐ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99               ☒ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199             ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

---

Debtor   **Connected Benefits, LLC**
Name

Case number *(if known)*

---

**15. Estimated assets (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __06/07/2026__
MM/ DD / YYYY

✖   __/s/ Vijay Kotte__
Signature of authorized representative of debtor

__Vijay Kotte__
Printed name

Title   __Authorized Signatory__

**18. Signature of attorney**

✖   __/s/ Laura Davis Jones__
Signature of attorney for debtor

Date   __06/07/2026__
MM/DD/YYYY

__Laura Davis Jones__
Printed name

__Pachulski Stang Ziehl & Jones LLP__
Firm name

__919 North Market Street, 17th Floor__
Number          Street

__Wilmington__
City

__Delaware__          __19801__
State          ZIP Code

__302-652-4100__
Contact phone

__ljones@pszjlaw.com__
Email address

__DE Bar No. 2436__          __Delaware__
Bar number          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
_(State)_

Case number _(if known):_ _____    Chapter __11__

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of GoHealth, Inc.

- GoHealth, Inc.
- Blizzard Midco, LLC
- Connected Benefits, LLC
- e-TeleQuote Insurance, Inc.
- ETQ Holdings, LLC
- GoHealth Holdings, LLC
- GoHealth, LLC
- Norvax, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONNECTED BENEFITS, LLC, | ) Case No. 26-_____(___) |
| | ) |
| Debtor. | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Norvax, LLC | 222 West Merchandise Mart Plaza, Suite 1750 Chicago, IL 60654 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONNECTED BENEFITS, LLC, | ) Case No. 26-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Norvax, LLC | 100% |

Debtor ___GOHEALTH, INC., et al._____  Case number (if known)_____

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name: <strong>GOHEALTH, INC., et al.</strong></td></tr>
<tr><td>United States Bankruptcy Court for the: <strong>District of Delaware</strong></td></tr>
<tr><td>Case number (If known):</td></tr>
</table>

☐  Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 1 Bankers Life Agency, Inc. 303 E. Wacker Dr. Suite 500 Chicago, IL 60601 | Matthew J. Zimpfer General Counsel Email - matt.zimpfer@cnoinc.com Phone - 800-231-9150 | Carrier - agreed amount | | | | $ 11,000,000 |
| 2 Together Health 7551 Wiles Rd Coral Springs, FL 33067 | Huy Tran Founder and CEO Email - huy@togetherhealth.co Phone - 615-663-9834 | Trade - agreed amount | | | | $ 6,757,192 |
| 3 OneDigital Medicare Services LLC 300 Galleria Pkwy SE Suite 1100 Atlanta, GA 30339 | Erica Zinkie Executive Vice President of Legal Email - ezinkie@digitalinsurance.com Phone - 678-428-9258 | Trade - agreed amount | | | | $ 4,559,000 |
| 4 Senior Protect Solutions, Inc. 2365 Northside Dr Suite 575 San Diego, CA 92108 | Keith Mendonsa Managing Director Email - hhc442@hotmail.com Phone - 916-402-7928 | Trade - agreed amount | | | | $ 1,600,000 |
| 5 Health Insurance Associates 1175 Beville Road Daytona Beach, FL 32119 | Drew Brown Chief Operating Officer Email - drew.brown@hillstone.com Phone - 843-571-7130 | Trade - agreed amount | | | | $ 1,077,400 |
| 6 ExactCare 8333 Rockside Road Valley View, OH 44125 | Aly Kayne Chief Legal Officer Email - akayne@anewhealthrx.com Phone - 513-405-9090 | Trade - agreed amount | | | | $ 1,000,000 |
| 7 Blue Cross Blue Shield of Illinois 300 E. Randolph St. Chicago, IL 60601 | Catherine Nelson Chief Legal Officer Email - catherine_nelson@hcsc.net Phone - 630-260-1479 | IBNR and trade payable | Contingent and unliquidated | | | $ 987,902 |
| 8 Senior Healthcare Advisors LLC 828 S. Military Trail Deerfield Beach, FL 33442 | Daniel Post Owner Email - daniel@seniorhealthcareadv.com Phone - 954-737-4110 | Trade - agreed amount | | | | $ 800,000 |
| 9 IT Savvy 201 Merritt 7 Norwalk, CT 06851 | Flor M. Colón Chief Legal Officer Email - flor.colon@xerox.com Phone - 800-275-9376 | Trade payable | | | | $ 729,046 |
| 10 Inulti Inc 5810 Coral Ridge Dr Suite 120 Coral Springs, FL 33076 | Tadas Svetikas Legal Counsel Email - tadas.svetikas@inulti.com Phone - 443-201-7630 | Trade payable | | | | $ 659,275 |
| 11 Eight Eleven Group, LLC (DBA Brooksource) 6215 N College Ave Indianapolis, IN 46220 | Jason Caress Vice President of Legal Email - jcaress@eightelevengroup.com Phone - 214-284-6400 | Trade - agreed amount | | | | $ 412,093 |
| 12 Ping Health LLC 121 West Trade Street Charlotte, NC 28202 | Zackery Rider Co-Founder Email - Zackery.Rider@pinghealth.com Phone - 800-211-9288 | Trade - agreed amount | | | | $ 300,000 |
| 13 Microsoft Online Services 1 Microsoft Way Redmond, WA 98052 | Jonathan Palmer Chief Legal Officer Email - jopalmer@microsoft.com Phone - 425-538-7734 | Trade payable | | | | $ 262,339 |

Debtor ___GOHEALTH, INC., et al._____    Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 Optiv 1144 15th Street Suite 2900 Denver, CO 80202 | William Croutch General Counsel Email - william.croutch@optiv.com Phone - 786-282-4849 | Trade payable | | | | $ 261,910 |
| 15 New Relic 188 Spear Street Suite 1000 San Francisco, CA 94105 | Ashish Agarwal Chief Financial Officer Email - ashishagarwal@newrelic.com Phone - 510-857-5817 | Trade payable | | | | $ 231,840 |
| 16 EngageCX, Inc. (FKA ViaSource Solutions, Inc) 223 E Thousand Oaks Blvd Suite 222 Thousand Oaks, CA 91360 | Len Linton Chief Financial Officer Email - llinton@engagecx.com Phone - 805-377-5040 | Trade - agreed amount | | | | $ 200,000 |
| 17 Ryan Companies US Inc - REM 533 South Third Street Suite 100 Minneapolis, MN 55415 | Laura Graf Chief Legal Officer Email - laura.graf@ryancompanies.com Phone - 612-309-3948 | Trade - agreed amount | | | | $ 189,000 |
| 18 Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 300 North Main Street Greenville, SC 29601 | David C. Zimbrick Chief Financial Officer Email - david.zimbrick@ogletreedeakins.com Phone - 864-241-1982 | Professional services | | | | $ 182,595 |
| 19 Planful Inc 2261 Market Street Suite 36245 San Francisco, CA 94114 | John Herr Chief Executive Officer Email - ceo@planful.com Phone - 650-249-7100 | Trade payable | | | | $ 162,958 |
| 20 Amazon Web Services - AWS 410 Terry Avenue North Seattle, WA 98109 | David A. Zapolsky Chief Global Affairs & Legal Officer Email - David.Zapolsky@amazon.com Phone - 206-266-1323 | Trade payable | | | | $ 161,113 |
| 21 Five9, Inc. 3001 Bishop Drive Suite 350 San Ramon, CA 94583 | Tiffany Meriweather Chief Administrative and Legal Officer Email - tiffany.meriweather@five9.com Phone - 404-431-9813 | Trade payable | | | | $ 141,403 |
| 22 Greenhouse Software, Inc. 228 Park Ave. S PMB 14744 New York, NY 10003 | Jung-Kyu McCann Chief Legal Officer Email - jung.mccann@greenhouse.io Phone - 650-799-7772 | Trade payable | | | | $ 129,860 |
| 23 Speedeon Data, LLC 5875 Landerbrook Drive Suite 130 Cleveland, OH 44124 | Neil Barry Chief Legal Officer Email - nbarry@speedeondata.com Phone - 914-961-1706 | Trade payable | | | | $ 124,604 |
| 24 Astronomer, Inc. 50 West 23rd Street Suite 1400 New York, NY 10010 | Pete Dejoy CEO, Co-Founder Email - pete@astronomer.io Phone - 914-426-3051 | Trade payable | | | | $ 111,551 |
| 25 Quantum Digital Media 6511 West Oakton Street Morton Grove, IL 60053 | Mary Cluney Chief Financial Officer Email - mcluney@quantumgroup.com Phone - 201-747-8781 | Trade payable | | | | $ 98,148 |
| 26 Choate, Hall & Stewart LLP Two International Place Boston, MA 02110 | Robert M. Buchanan, Jr. Senior Counsel Email - rbuchanan@choate.com Phone - 617-248-5027 | Professional services | | | | $ 80,175 |
| 27 Schellman & Company 4010 W Boy Scout Boulevard Suite 600 Tampa, FL 33607 | Ben Allen General Counsel Email - ben.allen@schellmanco.com Phone - 866-254-0000 | Professional services | | | | $ 70,875 |
| 28 Google 1600 Amphitheatre Parkway Mountain View, CA 94043 | Halimah DeLaine Prado General Counsel Email - hprado@googlemail.com Phone - 650-253-8205 | Trade payable | | | | $ 60,492 |
| 29 Apex 4400 Cox Road Suite 200 Glen Allen, VA 23060 | Buddy Omohundro General Counsel Email - bomohundro@apexsystemsinc.com Phone - 804-237-8333 | Trade payable | | | | $ 51,160 |
| 30 WalkMe Inc. 350 Mission St Floor 26 San Francisco, CA 94105 | Iris Pappo General Counsel Email - iris.pappo@walkme.com Phone - +972-50-786-9814 | Trade payable | | | | $ 50,000 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Connected Benefits, LLC** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| Case number (If known): | (State) |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **06/07/2026** | ☒ */s/ Vijay Kotte* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Vijay Kotte** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

*Execution Version*

**OMNIBUS UNANIMOUS WRITTEN CONSENT
IN LIEU OF A SPECIAL MEETING
OF THE GOVERNING BODIES**

June 5, 2026

**WHEREAS**, the undersigned, being all of the members of the boards of directors or the sole or managing member (each a "Governing Body"), as applicable, of each of the entities listed on **Schedule I** herein (each a "Company" and collectively, the "Companies"), as the Governing Body of such Company hereby take the following actions by unanimous written consent (this "Consent") in lieu of a special meeting in accordance with the bylaws, operating agreements, or limited liability company agreements of each Company (collectively, the "Governing Documents"), as applicable, and the applicable laws of the jurisdiction in which each Company is organized, and do hereby approve, consent to, and adopt the following recitals and resolutions, with the same force and effect as if they had been adopted at a duly convened special meeting of each Governing Body;

**WHEREAS**, certain of the Companies are party to that certain Credit Agreement, dated as of September 13, 2019 (as amended by that certain Amendment No. 1 to the Credit Agreement and Incremental Facility Amendment, dated as of March 20, 2020, as further amended by that certain Incremental Facility Agreement and Technical Amendment No. 2, dated as of May 7, 2020, as further amended by that certain Incremental Facility Amendment No. 3, dated as of June 11, 2020, as further amended by that certain Amendment No. 4 and Incremental Facility Agreement, dated as of May 7, 2021, as further amended by that certain Amendment No. 5 to the Credit Agreement and Incremental Facility Agreement, dated as of June 11, 2021, as further amended by that certain Amendment No. 6 to Credit Agreement and Incremental Facility Agreement, dated as of November 10, 2021, as further amended by that certain Amendment No. 7 to Credit Agreement, dated as of March 14, 2022, as further amended by that certain Amendment No. 8 to Credit Agreement, dated as of August 12, 2022, as further amended by that certain Amendment No. 9 to Credit Agreement, dated as of November 9, 2022, as further amended by that certain Amendment No. 10 to Credit Agreement, dated as of March 15, 2023, as further amended by that certain Amendment No. 11 to the Credit Agreement, dated as of March 12, 2024, as further amended by that certain Amendment No. 12 to the Credit Agreement, dated as of October 15, 2024, as amended and restated by that certain Amendment and Restatement Agreement, dated as of November 4, 2024, as further amended by that certain Amendment No.13 to the Credit Agreement, dated as of June 30, 2025, and as further amended by that certain Amendment No. 14 to the Credit Agreement, dated as of August 6, 2025, the "First Lien Credit Agreement"), by and among Norvax, LLC, a Delaware limited liability company, Blizzard Midco, LLC, a Delaware limited liability company, the lenders party thereto from time to time, and Blue Torch Finance, LLC, as administrative agent and collateral agent;

**WHEREAS**, certain of the Companies are party to that certain Superpriority Senior Secured Credit Agreement, dated as of August 6, 2025 (the "Super Priority Credit Agreement"), by and among Norvax, LLC, a Delaware limited liability company, Blizzard Midco, LLC, a Delaware limited liability company, the lenders party thereto from time to time, and Blue Torch Finance, LLC, as administrative agent and collateral agent;

**WHEREAS**, on August 6, 2025, the Governing Body of GoHealth, Inc. determined, in the exercise of its business judgment, that it was advisable and in the best interests of GoHealth, Inc. to constitute, and did so constitute, a special committee of the Governing Body of GoHealth, Inc. (the "Transformation Committee"), and delegated the exclusive power and authority of the Governing Body to take the following actions with respect to potential strategic alternatives available to GoHealth, Inc., including, without limitation, changes in the capital structure of GoHealth, Inc., a possible financing, refinancing, securitization, stock or asset sale, merger, acquisition, other business combination, recapitalization, restructuring, plan of reorganization or other reorganization (including, without limitation, pursuant to chapter 11 of title 11 of the United States Code) or similar transaction (any such transaction, a "Possible Transaction"): (i) to review and evaluate the terms and conditions and various methods to effect a Possible Transaction and determine the advisability of a Possible Transaction or any proposal for a Possible Transaction and various methods to effect such Possible Transaction or proposal therefor; (ii) to formulate and negotiate the terms and conditions of a Possible Transaction or any proposal for a Possible Transaction; (iii) to establish, modify, monitor and direct the process and procedures related to the review and evaluation of a Possible Transaction; (iv) to recommend to the Governing Body of GoHealth, Inc., (a) whether the Governing Body of GoHealth, Inc. should approve a Possible Transaction (including, without limitation, documents setting forth the terms thereof), (b) whether a Possible Transaction is in the best interests of GoHealth, Inc. and its stockholders, (c) whether the Governing Body of GoHealth, Inc. should recommend a Possible Transaction to GoHealth, Inc.'s stockholders entitled to vote thereon (or any portion thereof) and (d) what other actions, if any, should be taken by the Companies with respect to a Possible Transaction; (v) to negotiate the consideration, structure, form, terms and conditions of a Possible Transaction or any proposal for a Possible Transaction and the form, terms and conditions of any definitive agreements in connection therewith and review and comment upon any and all documents and other instruments used in connection with the Possible Transaction, including any and all materials to be filed with governmental and non-governmental persons and entities; (vi) to obtain any necessary or desirable analyses or opinions from legal, financial and other advisors, including, without limitation, fairness opinions; (vii) to direct the officers, employees, legal counsel, financial and other advisors, consultants, agents and representatives of the Companies to take such actions or refrain from taking such actions in furtherance of the authority delegated to the Transformation Committee and meet with and solicit the views of such parties; (viii) to review, analyze, evaluate and monitor all proceedings and activities of the Companies related to the Possible Transaction; and (ix) to provide reports and/or recommendations to the Governing Body of GoHealth, Inc. in regard to such matters at such time as the Transformation Committee deems appropriate and consistent with its activities;

**WHEREAS**, the Governing Body of each Company, with the supervision of the Transformation Committee, has, with advice from financial and legal advisors, structured, evaluated, negotiated, and reviewed the terms of a comprehensive change-of-control transaction relating to the Companies, as set forth in the *Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, and including all supplements and exhibits thereto, the "Plan");

**WHEREAS**, the Companies and the lenders under the First Lien Credit Agreement and the Super Priority Credit Agreement (collectively, the "Prepetition Secured Lenders") have negotiated a binding exit facility commitment letter (as may be amended, restated, amended and

restated, supplemented or otherwise modified from time to time, the "Takeback Commitment Letter," and the term sheet attached thereto as Exhibit A (the "Takeback Term Sheet" and collectively with the Takeback Commitment Letter, the "Takeback Debt Documents")) that contemplates the Takeback Term Lenders (as defined in the Takeback Term Sheet) providing a senior secured term loan facility in an aggregate principal amount of $782,198,692, consisting of (i) $20,000,000 of New Money Term Loans (as defined in the Takeback Term Sheet), (ii) $173,923,593 of Senior Takeback Term Loans (as defined in the Takeback Term Sheet) and (iii) $588,275,099 of Junior Takeback Term Loans (as defined in the Takeback Term Sheet);

WHEREAS, the Companies and certain other parties to that certain tax receivable agreement, by and among GoHealth, Inc., GoHealth Holdings, LLC, CB Blizzard Co-Invest Holdings, L.P., CCP III AIV VII Holdings, L.P., and each of the members of GoHealth Holdings, LLC, dated as of July 15, 2020 (the "TRA") have negotiated an amendment to the TRA (the "TRA Amendment") that contemplates, among other things, that (i) a change of control does not trigger an Early Termination Payment (as defined in the TRA) and (ii) payments under the TRA will not be permitted, if any such payment is not permitted under, or would result in a breach of, or event of default under, the First Lien Credit Agreement and/or the Super Priority Credit Agreement or any other credit agreement, indenture, or other financing arrangement of the Companies;

WHEREAS, the Companies have requested that the Prepetition Secured Lenders provide access to the use of Cash Collateral, as such term is defined in section 363 of the Bankruptcy Code ("Cash Collateral")  and the Companies will obtain the benefit of using Cash Collateral;

WHEREAS, on May 15, 2026 the Companies distributed Solicitation Materials (as defined below) to the Prepetition Secured Lenders and to eligible holders of shares of GoHealth, Inc.'s Class A common stock, par value $0.0001 per share (the "Class A Common Stock") and/or the common units of GoHealth Holdings, LLC (the "GoHealth Holdings Interests") (collectively, the "Voting Parties") in order to be able to timely implement the Plan and other transactions contemplated hereby;

WHEREAS, on or prior to the date hereof, the Companies have received ballots voting to accept the Plan from the Voting Parties who hold, in the aggregate, 100% of the amounts outstanding under the First Lien Credit Agreement, 100% of the amounts outstanding under the Super Priority Credit Agreement, approximately 62% of the outstanding shares of Class A Common Stock, and approximately 95% of the outstanding GoHealth Holdings Interests that are held by parties other than GoHealth, Inc.;

WHEREAS, the Governing Bodies have reviewed and considered that certain engagement letter, dated as of April 15, 2026, between GoHealth, Inc. and Moelis & Company LLC (the "Moelis Engagement Letter"), including the provisions regarding the Reduced Restructuring Fee (as defined in the Moelis Engagement Letter);

3

**WHEREAS**, the Governing Body of each Company has reviewed and considered: (i) the filing of voluntary petitions for relief (collectively, the "Bankruptcy Petitions") for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware pursuant to the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized (the "Chapter 11 Filing"); (ii) the pursuit of confirmation and consummation of the Plan pursuant to the solicitation procedures proposed in the *Motion of Debtors for Entry of an Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Approving Related Dates, Deadlines, Notices, and Procedures, (III) Approving the Solicitation Procedures and Related Dates, Deadlines, and Notices, (IV) Conditionally Waiving the Requirements that (A) The U.S. Trustee Convene a Meeting of Creditors and (B) The Debtors File a Schedule of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (V) Granting Related Relief* (including the order, ballots, and other relevant documents attached thereto, together with the *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of GoHealth, Inc. and Its Debtor Affiliates* (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, and including all supplements and exhibits thereto), the "Solicitation Materials"); (iii) the use of Cash Collateral (as defined herein) pursuant to the Cash Collateral Orders (as defined herein); (iv) the payment of the Reduced Restructuring Fee; (v) the retention of professionals by each Company; (vi) the execution of the TRA Amendment; and (vii) the execution of the Takeback Debt Documents;

**WHEREAS**, the Transformation Committee has (i) separately reviewed and evaluated the actions, transactions, and documentation contemplated by the Plan, the Takeback Debt Documents, the TRA Amendment, the Moelis Engagement Letter, and the Solicitation Materials, (ii) had adequate opportunity to consult with the management of GoHealth, Inc. and its financial and legal advisors regarding the Plan, the Takeback Debt Documents, the TRA Amendment, the Moelis Engagement Letter, and the Solicitation Materials, and determined that such actions, transactions, and documentation are in the best interests of GoHealth, Inc. and the other Companies, and GoHealth, Inc.'s stockholders, and (iii) recommended that the Governing Body of GoHealth, Inc. adopt and approve the following resolutions, actions, transactions, and documentation contemplated thereby;

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, each Governing Body has reviewed and evaluated the following resolutions and the actions, transactions, and documentation contemplated thereby, and having considered the recommendations from the Transformation Committee, and has determined that the resolutions are advisable and in the best interests of such Governing Body's respective Company and such Company's stakeholders;

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the Governing Documents, the Governing Bodies hereby adopt the following resolutions:

4

1. **CHAPTER 11 FILING**

**RESOLVED**, that, in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company and its respective stakeholders that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a Bankruptcy Petition commencing a case (each, a "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware or other court of competent jurisdiction (the "Bankruptcy Court"); and, in accordance with the requirements of the Governing Documents and applicable law, hereby consent to, authorize, approve, confirm, and ratify all actions in connection with the filing of each respective Bankruptcy Petition;

**FURTHER RESOLVED**, that any director, manager, or any other duly appointed officer of each Company (each an "Authorized Signatory" and collectively, the "Authorized Signatories") is hereby authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory on behalf of each Company be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business.

2. **REDUCED RESTRUCTURING FEE AND RETENTION OF PROFESSIONALS**

**RESOLVED**, that each of the Companies be, and hereby is, authorized, empowered, and directed to pay the Reduced Restructuring Fee in accordance with the terms of the Moelis Engagement Letter;

**FURTHER RESOLVED**, that each of the Companies be, and hereby is, authorized, empowered, and directed to employ: (i) Kirkland & Ellis LLP and Kirkland & Ellis International LLP as restructuring counsel; (ii) Pachulski Stang Ziehl & Jones LLP as Delaware bankruptcy counsel; (iii) Alvarez & Marsal North America, LLC as restructuring advisor; (iv) Donlin, Recano & Company, Inc., as claims and noticing agent; and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Signatories deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses).

3. **CHAPTER 11 PLAN AND RESTRUCTURING MATTERS**

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company and its respective stakeholders that the Authorized Signatories be, and hereby are, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to consummate the transactions contemplated by the Plan, the TRA Amendment, and the Takeback Debt Documents (collectively, the "Restructuring Matters"),

including, without limitation, the negotiation and documentation of the Restructuring Matters or other transactions contemplated thereby and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto, and that such Company's entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed, and ratified;

**FURTHER RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company and its respective stakeholders to have commenced and continue solicitation of the Plan consistent with the Solicitation Materials, including accepting ballots from Voting Parties, as applicable;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, approved, empowered, and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to support or consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Plan, the TRA Amendment, and the Takeback Debt Documents.

## 4. USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company and its respective stakeholders to obtain the benefits of the use of Cash Collateral, which may be security for the Prepetition Secured Lenders under certain credit facilities by and among the Companies, the guarantors party thereto, the administrative and other agents party thereto, and the lenders party thereto;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations"), as documented in proposed interim and final orders (the "Cash Collateral Orders") to be submitted for approval of the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the Cash Collateral Orders, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved in all respects, and each of the Authorized Signatories of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to perform, and cause the performance of, the Cash Collateral Orders subject to approval by the Bankruptcy Court;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, approved, empowered, and directed in the name of, and on behalf of, the Companies to seek authorization and approval to use Cash Collateral pursuant to the Cash Collateral Orders, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, relating to the use of Cash Collateral in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations

and to undertake any and all related transactions, including granting liens on their assets to secure such obligations.

## 5. GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates), either individually or as otherwise required by the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company relating to the foregoing resolutions;

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Signatories in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with the Chapter 11 Case of each Company and in accordance with the foregoing resolutions;

**FURTHER RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company to (i) prepare, execute, acknowledge, deliver, and file any and all applications, notices, certificates, instruments, agreements, and other documents with or to any stock exchange, the U.S. Securities and Exchange Commission ("SEC"), any state securities or "blue sky" regulatory authority, and any other federal, state, or local governmental or regulatory body or agency, in each case as may be required or advisable in connection with the transactions and matters contemplated by the resolutions adopted herein; (ii) take or cause to be taken any such other and further action as may be required or advisable to comply with the rules, regulations, and requirements of any such stock exchange, the SEC, or any other applicable regulatory authority; and (iii) execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, retainers, and fees, including but not limited to filing fees, in each case as in such Authorized Signatory's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, as applicable, of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, including, but not limited to, the distribution of the Solicitation Materials to the Voting Parties, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such

act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Company; and

**FURTHER RESOLVED**, that any Authorized Signatory (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which each Company is organized, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*****

[*Signature pages follow.*]

**IN WITNESS WHEREOF,** the undersigned, constituting the board of directors of GoHealth, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

Clinton P. Jones

Brandon M. Cruz

Vijay Kotte

David Fisher

Timothy Pohl

Mark Weinsten

Alan Carr

Bao Truong

William Transier

**BEING THE BOARD OF DIRECTORS OF GOHEALTH, INC.**

*[Signature Page to Omnibus Written Consent – Governing Bodies Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned, constituting the managing member of GoHealth Holdings, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

**GOHEALTH, INC.**

Signed by:

*Vijay Kotte*

33B762446473495...

Name:  Vijay Kotte
Title:    Chief Executive Officer

**BEING THE MANAGING MEMBER OF
GOHEALTH HOLDINGS, LLC**

*[Signature Page to Omnibus Written Consent – Governing Bodies Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned, constituting the managing member of Blizzard Midco, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

**GOHEALTH HOLDINGS, LLC**

Signed by:

*Vijay Kotte*

33B762446473495...

Name:  Vijay Kotte

Title:  Chief Executive Officer

**BEING THE MANAGING MEMBER OF BLIZZARD MIDCO, LLC**

*[Signature Page to Omnibus Written Consent – Governing Bodies Filing Resolutions]*

IN WITNESS WHEREOF, the undersigned, constituting the managing member of Norvax, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above. This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

**BLIZZARD MIDCO, LLC**

Signed by:

*Vijay Kotte*

33B762446473495...

Name:  Vijay Kotte

Title:  Chief Executive Officer

**BEING THE MANAGING MEMBER OF NORVAX, LLC**

*[Signature Page to Omnibus Written Consent – Governing Bodies Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned, constituting the managing member of Connected Benefits, LLC, GoHealth, LLC, and ETQ Holdings, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

**NORVAX, LLC**

Signed by:

*Vijay Kotte*

33B762446473495...

Name:  Vijay Kotte
Title:   Chief Executive Officer

**BEING THE MANAGING MEMBER OF:**

**Connected Benefits, LLC**
**GoHealth, LLC**
**ETQ Holdings, LLC**

*[Signature Page to Omnibus Written Consent – Governing Bodies Filing Resolutions]*

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of e-TeleQuote Insurance, Inc. do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it were an original.

Vijay Kotte

Bradley Burd

Michael Hargis

**BEING THE BOARD OF DIRECTORS OF E-TELEQUOTE INSURANCE, INC.**

*[Signature Page to Omnibus Written Consent – Governing Bodies Filing Resolutions]*

## Schedule I

GoHealth, Inc.
GoHealth Holdings, LLC
Blizzard Midco, LLC
Norvax, LLC
Connected Benefits, LLC
GoHealth, LLC
ETQ Holdings, LLC
e-TeleQuote Insurance, Inc.